☐ ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP - 4 2009

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FREDERICK DOUGLAS HARDIN<br>Plaintiff | * <br> * <br> * | CIVIL ACTION |
| v. | * <br> * | FILE NO: |
| STATE OF GEORGIA, BUTTS<br>COUNTY, FULTON COUNTY,<br>GEORGIA BUREAU OF<br>INVESTIGATIONS, GEORGIA<br>DEPARTMENT OF CORRECTIONS,<br>MATTHEW BRIDGES, GENE POPE,<br>THEODORE JACKSON, VAN G.<br>WHALER, MELVIN JONES, KEN<br>MUNDY, GIGI HOARD, GEORGIA<br>CRIME INFORMATION CENTER,<br>VERNON JONES, COMMISSIONER<br>BRIAN OWENS, WANDA G. JACKSON,<br>et.al, | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | **‑ODE**<br><br>**1:09-CV-2457** |
| Defendants | * | |

## COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE JUDGMENT, DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff FREDERIC DOUGLAS HARDIN files this action against the above-

named defendants and respectfully shows as follows:

1

## JURISDICTION AND VENUE

1.

This action is brought pursuant to 42 U.S.C. §1983[1] and 1988, the Fourth and

Fourteenth Amendments to the United States Constitution and the Constitution

and laws of the State of Georgia.

2.

The jurisdiction of this Court over this case is based on 28 U.S.C. §1331 and

1343(a)(3) and (4).  The Court also has supplemental jurisdiction over all claims

arising under Constitution and laws of the State of Georgia as those claims arise

from facts that are common to the federal claims.

3.

The events giving rise to Plaintiff's claims occurred in JACKSON, BUTTS

COUNTY, and in ATLANTA, FULTON COUNTY, GEORGIA.

4.

---

[1]Every person who, under color of any statute, ordinance, regulation, custom or usage, of
any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen
of the United States or other person within the jurisdiction thereof to the deprivation of any
rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party
injured in an action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C.
§1983.

The Defendant BUTTS COUNTY (BUTTS) is situated within the MIDDLE DISTRICT of Georgia and is subject to the jurisdiction and venue of this Court.

5.

The Defendant FULTON COUNTY (FULTON) is situated within the NORTHERN DISTRICT of Georgia and is subject to the jurisdiction and venue of this Court.

6.

The Defendant GEORGIA BUREAU OF INVESTIGATION (GBI) is situated within the NORTHERN DISTRICT of Georgia and is subject to the jurisdiction and venue of this Court.

7.

The Defendant GEORGIA DEPARTMENT OF CORRECTIONS (CORRECTIONS) is situated within the NORTHERN DISTRICT of Georgia and is subject to the jurisdiction and venue of this Court.

8.

The Defendant WANDA JOHNSON and MATTHEW BRIDGES (BRIDGES) work and reside within the MIDDLE DISTRICT of Georgia and are subject to the jurisdiction and venue of this Court.

3

9.

The Defendant GENE POPE (POPE) works and resides in the city of Jackson,

BUTTS COUNTY, Georgia, within the MIDDLE DISTRICT of Georgia and is

subject to the jurisdiction and venue of this Court.

10.

The Defendant THEODORE JACKSON (JACKSON) works and resides in the

city of Atlanta FULTON COUNTY, Georgia, within the NORTHERN DISTRICT

of Georgia and is subject to the jurisdiction and venue of this Court.

11.

The Defendant VAN G. WHALER (WHALER) works and resides in the city of

Jackson, BUTTS COUNTY, Georgia, within the MIDDLE DISTRICT of Georgia

and is subject to the jurisdiction and venue of this Court.

12.

The Defendant MELVIN JONES (JONES) works and resides in the city of

Decatur, DEKALB COUNTY, Georgia, within the NOTHERN DISTRICT of

Georgia and is subject to the jurisdiction and venue of this Court.

13.

The Defendant KEN MUNDY (MUNDY) works and resides in the city of

Jackson, BUTTS COUNTY, Georgia, within the MIDDLE DISTRICT of Georgia

and is subject to the jurisdiction and venue of this Court.

14.

Defendant GIGI HOARD (HOARD) works and resides in the city of Jackson,

BUTTS COUNTY, Georgia, within the MIDDLE DISTRICT of Georgia and is

subject to the jurisdiction and venue of this Court.

15.

Defendant GEORGIA CRIME INFORMATION CENTER ("GCIC") is situated in

the NORTHERN DISTRICT of Georgia and is subject to the jurisdiction and

venue of this Court.

16.

Defendant BRIAN OWENS, Commissioner of Department of Corrections works

in the city of Atlanta, FULTON COUNTY, Georgia within the NORTHERN

DISTRICT of Georgia and is subject to the jurisdiction and venue of this Court.

17.

Defendant VERNON JONES works in the city of Decatur, DEKALB COUNTY, Georgia within the NORTHERN DISTRICT of Georgia and is subject to the jurisdiction and venue of this Court.

## SERVICE

18.

The Defendant Matthew Bridges ("BRIDGES") may be personally served at the office of the Circuit Public Defender for the Towaliga Judicial District, 102 East Johnston Street, Forsyth, Georgia 31029.

19.

The Defendant Wanda G. Johnson ("JOHNSON"), Towaliga Judicial District Public Defender, may be personally served at 102 East Johnston Street Forsyth, Georgia 31029.

20.

The County Administrator of Butts County, Van G. Whaler ("WHALER"), is the designated representative for BUTTS to receive service of process or otherwise has the legal authority to receive same on behalf of BUTTS.

6

21.

Therefore, defendant BUTTS may be served by delivering the summons and a copy of this complaint to the County Administrator Van G. Whaler, 625 West Third Street, Suite 4-05, Jackson, Georgia 30233.

22.

The County Administrator of the Fulton County, Zachary Williams ("WILLIAMS"), is the designated representative for FULTON to receive service of process or otherwise has the legal authority to receive same on behalf of FULTON.

23.

The defendant FULTON COUNTY may be served by delivering the summons and a copy of this complaint to the County Administrator, Zachary Williams, 141 Pryor Street, Atlanta, Georgia 30303.

24.

The Defendant Georgia Bureau of Investigations ("GBI") may be served by delivering the summons and a copy of this complaint to the Director Vernon Jones, 3121 Panthersville Road, Decatur, Georgia 30037.

25.

The Defendant Vernon Jones ("V. JONES") may be served by delivering the summons and a copy of this complaint to Vernon Jones, 3121 Panthersville Road, Decatur, Georgia 30037.

26.

The Defendant Melvin Jones ("M. JONES") may be served by delivering the summons and a copy of this complaint to: Melvin Jones, 3121 Panthersville Road, Decatur, Georgia 30037.

27.

The Defendant Theodore Jackson ("JACKSON") may be personally served at the office of the Sheriff for the County of Fulton County, 185 Central Avenue S.W., Suite 900, Atlanta, Georgia 30303.

28.

The Defendant Georgia Department of Corrections ("CORRECTIONS") may be served by delivering the summons and a copy of this complaint to: Commissioner Brian Owens, 2 Martin Luther King Jr. Drive, Suite 866 East Tower, Atlanta, Georgia 30334.

29.

The Defendant Kevin Mundy ("MUNDY") may be served by delivering the summons and a copy of this complaint to: Kevin Mundy, 835 Ernest Biles Drive, Jackson, Georgia 30233.

30.

The defendant Gigi Hoard ("HOARD") may be served by delivering the summons and a copy of this complaint to: Post Office Box 457, Jackson, Georgia, 30233.

31.

The Attorney General for the State of Georgia may be served by delivering the summons and a copy of this complaint to: Office of the Attorney General, 40 Capitol Square, SW, Atlanta, Georgia 30334.

32.

The Georgia Department of Administrative Services Risk Management Division may be served by delivering the summons and a copy of this complaint to: Post Office Box 38198, Suite 1208 West Tower, Atlanta, Georgia 30334-9010.

9

## PARTIES

### Plaintiff

33.

Plaintiff FREDERICK HARDIN (HARDIN), resides within the MIDDLE
DISTRICT of Georgia and is subject to the jurisdiction and venue of this Court.

### Defendants

34.

At all times material to the allegations set forth in this complaint, Defendant
Wanda G. Johnson ("JOHNSON") was employed as the Circuit Public Defender
by the Towaliga Judicial District and is responsible for the supervision of the
Office of Public Defender. JOHNSON sets all protocol, policies, customs and
usages employed by the Public Defender's Office.   She performed all acts
relevant to this action under color of state law and in the course of her
employment as a Public Defender of BUTTS COUNTY.

35.

At all times material to the allegations set forth in this complaint, Defendant
MATTHEW  BRIDGES ("BRIDGES") was employed as the Assistant Circuit
Public Defender by the Towaliga Judicial District.   He performed all acts relevant

to this action under color of state law and in the course of his employment as a

Public Defender of BUTTS COUNTY.

36.

The Defendant BUTTS COUNTY ("BUTTS") is a legal and political entity

organized under the laws of Georgia.

37.

The Defendant FULTON COUNTY ("FULTON") is a legal and political entity

organized under the laws of Georgia.

38.

The Defendant CORRECTIONS is a legal and political entity of the State of

Georgia organized under the laws of Georgia.

39.

The Defendant GEORGIA BUREAU OF INVESTIGATIONS ("GBI") is a legal

and political entity of the State of Georgia organized under the laws of Georgia.

40.

At all times material to the allegations set forth in this complaint, Defendant

BUTTS was ultimately responsible for the oversight and supervisory functions

necessary to assure that all citizens of that county received due process of law.

41.

At all times material to the allegations set forth in this complaint, Defendant

FULTON was ultimately responsible for the oversight and supervisory functions

necessary to assure that all citizens of that county received due process of law.

42.

At all times material to the allegations set forth in this complaint, Defendant

GENE POPE ("POPE") was employed as the Sheriff by the County of BUTTS.

He performed all acts relevant to this action under color of state law and in the

course of his employment as the Sheriff and sole custodian of the County Jail of

BUTTS COUNTY.  POPE sets all protocol, policies, customs and usages

employed by the Sheriff's Office of Butts County.

43.

At all times material to the allegations set forth in this complaint, Defendant

MUNDY was employed by the Sheriff's Office of Butts county.  He performed all

acts relevant to this action in  under color of state law and in the course of his

employment as a Criminal Investigator with the Butts County Sheriff's Office.

44.

At all times material to the allegations set forth in this complaint, Defendant

THEODORE JACKSON ("JACKSON") was employed as the Sheriff of Fulton

County. He performed all acts relevant to this action under color of state law and in the course of his employment as the Sheriff and sole custodian of the County Jail of FULTON COUNTY. JACKSON sets all protocol, policies, customs and usages employed by the Sheriff's Office of Fulton County.

45.

At all times material to the allegations set forth in this complaint, Defendant VAN WHALER ("WHALER") was employed as the Chief Administrative Officer by the County of BUTTS. He performed all acts relevant to this action under color of state law and in the course of his employment as the Chief Administrative Officer of BUTTS COUNTY.

46.

At all times material to the allegations set forth in this complaint, Defendant MELVIN JONES ("M. JONES") was employed as the Sex Registry Agent by the State of Georgia, Georgia Bureau of Inverstigations. He performed all acts relevant to this action under color of state law and in the course of his employment as the Sex Registry Agent for the Georgia Bureau of Investigation, STATE OF GEORGIA.

13

47.

At all times material to the allegations set forth in this complaint, Defendant

VERNON JONES ("V. JONES") was employed as the Director of the Georgia

Bureau of Investigations by the State of Georgia.   He performed all acts relevant

to this action under color of state law and in the course of his employment as the

Director for the Georgia Bureau of Investigation, STATE OF GEORGIA. V.

JONES sets all protocol, policies, customs and usages employed by the Sheriff's

Office of Butts County.

48.

At all time material to the allegations set forth in this complaint, Defendant

HOARD was employed as the Chief Magistrate in the County of BUTTS. She

performed all acts relevant to this action under color of state law and in the course

of her employment as the Chief Magistrate for the county of BUTTS. HOARD

sets all protocol, policies, customs and usages employed by the Magistrate Court

of Butts County.

## FACTUAL ALLEGATIONS

49.

In 1998 Plaintiff HARDIN pled guilty to one count of attempted rape.

Subsequently, HARDIN was sentenced to four (4) years to serve two (2) in

14

confinement under Georgia's First Offender Statute. Mr. HARDIN completed all of the confinement as well as the terms and conditions on his probation and discharged the conviction.

50.

On May 23, 2008, at 10:45 A.M., Defendant HOARD acting under pretense and color of State law and in her official capacity as a Butts County Magistrate Judge issued an order for the arrest of the Plaintiff. (See hereto attached copy of the State Warrant and Mittimus).

51.

In accordance with the second paragraph of the "State Warrant and Mittimus", the warrant was issued because the Plaintiff failed to register as a sex offender, i.e., when Plaintiff moved to Butts County on April 21, 2008, he failed to report to the Sheriff of Butts County to register as a sex offender. The warrant for Plaintiff's arrest was supported by a sworn Affidavit submitted by Defendant Ken Mundy.

52.

Plaintiff was arrested within an hour of the order's issuance at his residence located at 673 England Chapel Road, Apt. 40, Jenkinsburg, Butts County, Georgia 30234.

53.

Plaintiff was sitting on his porch at his Jenkinsburg residence when a Butts

County Deputy Sheriff, an employee of both defendants POPE and BUTTS,

arrived in a patrol vehicle, ordered him to "face the wall", cuffed him and

announced "You're going to jail".

54.

According to the "State Warrant and Mittimus", Plaintiff was to be taken before

HOARD or "some other judicial officer of this State to be dealt with as the law

directs".

55.

If Defendant HOARD had honored the terms of her own warrant, Plaintiff should

have been released as soon as he appeared before Defendant Hoard on May 25,

2009 upon making an inquiry as to the validity of the allegations when the

Plaintiff repeatedly stated that he was not required to register as a sex offender.

56.

Plaintiff made Defendants HOARD, BRIDGES, and agents of Defendant POPE

aware that he was told he did not have to register as a sex offender and although

Defendants HOARD and BRIDGES, were made aware, they did not inquire into

the facts and set Bond at "$5,000 CASH/PROPERTY WITH BOND

16

CONDITIONS". (See hereto attached copy of the First Appearance/Bond Order).
Plaintiff continued to remain in the custody of defendant POPE.

57.

In accordance with Paragraph 10 in Exhibit "A" of the Bond Order, Plaintiff was
required to "register with Sex Offender Registry and will verify home address and

other pertinent information to Butts County Sheriff's Department prior to bond".
(See attached Exhibit "A" of First Appearance Bond Order)

58.

After Plaintiff's arrest on May 23, 2009 he was immediately transported to the
Butts County Jail and there finger printed, stripped of his clothing, issued a prison
uniform save underwear, photographed by sheriff's deputies, and housed in the
Butts County Jail.

59.

On Wednesday, January 21, 2009 at 12:52 p.m., Defendant JONES notified
District Attorney Richard Milam via facsimile that Plaintiff was detained
unlawfully, to wit: that Plaintiff's **"sex offender's record has been deleted.
After reviewing Mr. Frederick Hardin file on the Attempted Rape. He**

17

**completed his first offender successfully on October 29, 2002, and should not have been on the sex offender registry"**(Emphasis supplied).

60.

Richard Milam's Assistant District Attorney James Moss directed Defendant POPE to release Plaintiff, instanter.

61.

Plaintiff remained in the Butts County Jail in the custody of defendant POPE until 10:00 p.m., on January 21, 2009.

62.

Defendant POPE did not release Plaintiff instanter, as directed, but instead continued to detain Plaintiff to be turned over into the custody of the Fulton County Sheriff, JACKSON who had an active warrant for Plaintiff's arrest for failure to register as a sex offender in the County of FULTON.

63.

On January 21, 2009, at 10:00 p.m., Defendant POPE released Plaintiff in the custody of Defendant JACKSON and he was immediately transported to the Fulton County Jail and was there booked for failure to register as a sex offender, finger printed, stripped of his clothing, issued a prison uniform save underwear, photographed by Sheriff's deputies, and housed in Fulton County Jail.

18

64.

O.C.G.A. §42-1-12 "Sexual Offender Registry" provides in pertinent part that any

sexual offender shall register with the Sheriff of the County in which the Sexual

offender resides within 72 hours after the sexual offender is released from prison.

65.

It is uncontroverted that Plaintiff was not required as a matter of law to register

with Defendant POPE as a sex offender as of October 29, 2009 however Plaintiff's

name appeared on a list of sex offenders provided by the GBI and

CORRECTIONS.

66.

Therefore, the fundamental element necessary before the issuance of a warrant for

his arrest, i.e., "failure to register as a sex offender" .... was not met before

Defendant HOARD issued the State Warrant and Mitimus.

67.

In summation, Plaintiff's arrest and detention were illegal.

68.

The State of Georgia was delivered an ante litem notice on July 16, 2009 to

Georgia Department of Administrative Services Risk Management Division, Post

Office Box 38198, Suite 1208, West Tower, Atlanta, Georgia 30334-9010.

69.

Defendant JOHNSON was delivered an ante litem notice on July 17, 2009 at 102 East Johnson Street, Forsyth, Georgia 31029.

70.

Defendant BRIDGES was delivered an ante litem notice on July 17, 2009 at 102 East Johnson Street, Forsyth, Georgia 31029.

71.

Defendant BUTTS was delivered an ante litem notice on July 16, 2009 at 625 West Third Street, Jackson, Georgia 30233.

72.

Defendant FULTON was delivered an ante litem notice on July 16, 2009 at 141 Pryor Street, Atlanta, Georgia 30303.

73.

Defendant CORRECTIONS was delivered an ante litem notice on July 20, 2009 at 2 Martin Luther King Jr. Drive, Suite 866 East Tower, Atlanta, Georgia 30334.

74.

Defendant GBI was delivered an ante litem notice on April 20, 2009 and an amended ante litem notice on July 16, 2009 at 3121 Panthersville Road, Decatur, Georgia 30034.

75.

Defendant GCIC was delivered an ante litem notice on July 16, 2009 at Post Office Box 370748, Decatur, Georgia 30037-0748.

76.

Defendant POPE was delivered an ante litem notice on July 16, 2009 at 835 Ernest Biles Drive, Jackson, Georgia 30233.

77.

Defendant MUNDY was delivered an ante litem notice on July 16, 2009 at 835 Ernest Biles Drive, Jackson, Georgia 30233.

78.

Defendant JACKSON was delivered an ante litem notice on July 16, 2009 at 185 Central Avenue, Atlanta, Georgia 30303.

79.

Defendant WHALER was delivered an ante litem notice on July 16, 2009 at 625 West Third Street, Jackson, Georgia 30233.

80.

Defendant M. JONES was delivered an ante litem notice on July 16, 2009 at 3121 Panthersville Road, Decatur, Georgia 30034.

81.

Defendant V. JONES was delivered an ante litem notice on July 16, 2009 at 3121 Panthersville Road, Decatur, Georgia 30034.

82.

Defendant HOARD was delivered an ante litem notice on July 16, 2009.

83.

Defendant BUTTS, FULTON, GBI, CORRECTIONS, HOARD, BRIDGES, POPE, JACKSON, WHALER, JONES, and MUNDY acted willfully, knowingly, and with specific intent to deprive plaintiff FREDERICK DOUGLAS HARDIN of his right to freedom from illegal searches and seizures of his person, papers, and effects and of his right to freedom from unlawful arrest, detention and imprisonment, all of which are secured t plaintiff by the Fourth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States and by Title 42 U.S.C. §§ 1983 and 1988.

84.

Plaintiff sues Defendant Hoard in her individual and official capacity.

## STATEMENT OF CLAIMS

### 85.

All allegations in the foregoing paragraphs are incorporated by reference and made a part of each and every claim hereafter set forth in this Complaint for Damages.

### COUNT I (42 U.S.C. 1983)

### FREDERICK D. HARDIN AGAINST DEFENDANT HOARD

### 86.

Plaintiff incorporates in this Count the allegations of the above-numbered Paragraphs.

### 87.

As a result of Defendants' action, Plaintiff FREDERICK D. HARDIN was subjected to an unlawful and unreasonable seizure in violation of Plaintiff's rights under the Fourth Amendment and the Due Process and Equal Protections Clauses of the Fourteenth Amendment to the United States Constitution.

### 88.

The above named Defendants are liable to Plaintiff FREDERICK D. HARDIN for all general and special damages resulting from his illegal and unconstitutional actions.

## COUNT II. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### FREDERICK D. HARDIN AGAINST DEFENDANTS

89.

Plaintiff incorporates in this Count the allegations of the above-numbered

Paragraphs.

90.

The conduct of Defendants as alleged herein caused Plaintiff to suffer humiliation,

mental anguish, anxiety, and emotional distress.

91.

The action of the defendant as alleged herein against the plaintiff was willful,

intentional, outrageous, and done with full knowledge of the emotional distress

and mental suffering which would result to Plaintiff, therefore, defendant is liable

for intentional infliction of emotional distress.

### COUNT II. (42 U.S.C. 1983)

### FREDERICK D. HARDIN AGAINST DEFENDANT BUTTS COUNTY

92.

Plaintiff incorporates in this Count the allegations of the above-numbered

Paragraphs.

93.

Acting through the Defendants HOARD, POPE, BRIDGES, and WHALER who is the final policymaker for enacting, implementing and monitoring the BUTTS COUNTY appearance in Magistrate Court and thereby State Warrants and Mittimus that are issued for citizens for alleged crimes, the COUNTY OF BUTTS **ratified, condoned, and tolerated the unlawful seizure** of its citizens by defendant HOARD. The unreasonable and unlawful seizure of FREDERICK D. HARDIN by defendants HOARD and POPE was the direct and foreseeable result of the COUNTY OF BUTTS's tolerance, custom, practice or deliberate indifference to such unconstitutional police practices.

94.

The COUNTY OF BUTTS failed to perform the **oversight and supervisory functions** necessary to assure that defendant HOARD and POPE were using constitutionally and legally proper practices concerning the seizure of persons who are innocent of crimes.

95.

Defendant BUTTS is liable to Plaintiff FREDERICK D. HARDIN for all general and special damages resulting from the conduct outlined above.

## FREDERICK G. HARDIN AGAINST DEFENDANT FULTON COUNTY

96.

Plaintiff incorporates in this Count the allegations of the above-numbered Paragraphs.

97.

Acting through the Defendant JACKSON who is the final policymaker for enacting, implementing and monitoring the FULTON COUNTY appearance in Magistrate Court and thereby State Warrants and Mittimus that are issued for citizens for alleged crimes, the COUNTY OF FULTON **ratified, condoned, and tolerated the unlawful seizure** of its citizens by defendant JACKSON.  The unreasonable and unlawful seizure of FREDERICK D. HARDIN by defendants JACKSON was the direct and foreseeable result of the COUNTY OF FULTON's tolerance, custom, practice or deliberate indifference to such unconstitutional police practices.

98.

The COUNTY OF FULTON failed to perform the **oversight and supervisory functions** necessary to assure that defendant JACKSON was using constitutionally and legally proper practices concerning the seizure of persons who are innocent of crimes.

26

99.

Defendant FULTON is liable to Plaintiff FREDERICK D. HARDIN for all general and special damages resulting from the conduct outlined above.

## FREDERICK G. HARDIN AGAINST DEFENDANT POPE

100.

Plaintiff incorporates in this Count the allegations of the above-numbered Paragraphs.

101.

Defendant POPE is the final policymaker for enacting, implementing and monitoring the Butts County Sheriff's Office and is responsible for its appearance in Magistrate Court and thereby State Warrants and Mittimus that are issued for citizens for alleged crimes, Defendant POPE **ratified, condoned, and tolerated the unlawful seizure** of Plaintiff by defendant POPE and those in under his direct supervision.  The unreasonable and unlawful seizure of FREDERICK D. HARDIN by defendants POPE and MUNDY was the direct and foreseeable result of the POPE's tolerance, custom, practice or deliberate indifference to such unconstitutional police practices.

102.

The Defendant POPE failed to perform the **oversight and supervisory functions** necessary to assure that the Butts County Sheriff's Office, was using constitutionally and legally proper practices concerning the seizure of persons who are innocent of crimes.

103.

Defendant POPE is liable to Plaintiff FREDERICK D. HARDIN for all general and special damages resulting from the conduct outlined above.

## FREDERICK DOUGLAS HARDIN AGAINST DEFENDANT JACKSON

104.

Plaintiff incorporates in this Count the allegations of the above-numbered Paragraphs.

105.

Defendant JACKSON is the final policymaker for enacting, implementing and monitoring the Fulton County Sheriff's Office and is responsible for its appearance in Magistrate Court and thereby State Warrants and Mittimus that are issued for citizens for alleged crimes, the COUNTY OF FULTON, Defendant JACKSON **ratified, condoned, and tolerated the unlawful seizure** of Plaintiff by defendant JACKSON and those under his direct supervision.  The unreasonable

28

and unlawful seizure of FREDERICK D. HARDIN by defendant JACKSON was the direct and foreseeable result of the JACKSON's tolerance, custom, practice or deliberate indifference to such unconstitutional police practices.

106.

The Defendant JACKSON failed to perform the **oversight and supervisory functions** necessary to assure that the Fulton County Sheriff's Office, was using constitutionally and legally proper practices concerning the seizure of persons who are innocent of crimes.

107.

Defendant JACKSON is liable to Plaintiff FREDERICK D. HARDIN for all general and special damages resulting from the conduct outlined above.

## FREDERICK DOUGLAS HARDIN AGAINST THE STATE OF GEORGIA

108.

Plaintiff incorporates in this Count the allegations of the above-numbered Paragraphs.

109.

Acting through the Defendants JONES, GBI and CORRECTIONS who are the final policymakers for enacting, implementing and monitoring the STATE OF GEORGIA appearance in law enforcement thereby the Warrants and Mittimus that

are issued for citizens for alleged crimes relied upon information provided by the above listed defendants, therefore the STATE OF GEORGIA **ratified, condoned, and tolerated the unlawful seizure** of its citizens by defendants JONES, GBI, and CORRECTIONS. The unreasonable and unlawful seizure of FREDERICK D. HARDIN by the aforementioned defendants relying upon information provided by defendants JONES, GBI and CORRECTIONS was the direct and foreseeable result of the STATE OF GEORGIA's tolerance, custom, practice or deliberate indifference to such unconstitutional police practices.

110.

The STATE OF GEORGIA failed to perform the **oversight and supervisory functions** necessary to assure that defendants JONES, GBI, and CORRECTIONS were using constitutionally and legally proper practices concerning the seizure of persons who are innocent of crimes.

111.

Defendant FULTON is liable to Plaintiff FREDERICK D. HARDIN for all general and special damages resulting from the conduct outlined above.

## DAMAGES – GENERAL AND SPECIAL

### 112.

By reason of the actions, policies and practices of the defendants described in the above numbered paragraphs, FREDERICK D. HARDIN was injured.

### 113.

Plaintiff seeks damages from said defendants as awarded by the jury for the mental distress associated with his unlawful and unconstitutional seizure;

### 114.

Plaintiff seeks damages from said defendants as awarded by the jury for the personal degradation and humiliation resulting from being unlawfully and unconstitutionally seized.

## DAMAGES – PUNITIVE

### 115.

Plaintiff FREDERICK D. HARDIN further alleges that the actions of defendants as described in the foregoing paragraphs, was committed intentionally, knowingly and in reckless disregard of FREDERICK D. HARDIN's rights under the Fourth Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and the Constitution and laws of the

State of Georgia protecting the civil rights, civil liberties, bodily integrity, and emotional security of all persons.

116.

Accordingly, Plaintiff FREDERICK D. HARDIN seeks punitive damages against defendants.

### **PRAYERS FOR RELIEF**

117.

Plaintiff FREDERICK D. HARDIN asks this Court for the following relief:

a. The entry of judgment in favor of Plaintiff FREDERICK D. HARDIN against all defendants, jointly and severally, awarding compensatory and special damages in an amount of **$1,000,000**;

b. The entry of judgment in favor of Plaintiff FREDERICK D. HARDIN against all defendants, in their individual and official capacity awarding punitive damages in the amount of **$20,000.000** to make an example of the Defendant and to deter them and others from engaging in similar misconduct;

c. The entry of an order pursuant to authority under 42 U.S.C. §1988 awarding Plaintiff FREDERICK D. HARDIN reasonable attorney's fees, expenses, and costs of this litigation;

d.    The entry of any other order or orders necessary to grant Plaintiff

FREDERICK D. HARDIN the full and appropriate relief to which he

is entitled; and

e.    Prejudgment interest be assessed against all defendants.

### DEMAND FOR JURY TRIAL

118.

Plaintiff FREDERICK D. HARDIN demands a trial by jury.

Respectfully submitted this 3rd day of September , 2009.

BY_____

MARIO S. NINFO
Attorney for the Plaintiff
Georgia State Bar # 544490

BY_____

BEAU A. WORTHINGTON
Co-Counsel for Plaintiff
Georgia State Bar #542511

1198 Clark Street, NW
Covington, Georgia 30014
(770) 784-8000

covmario@aol.com